**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **ABDULRAHMAN ABDI,** | * |
| Plaintiff, | * |
| v. | * Case No.: PWG-14-2988 |
| **GIANT FOOD, LLC, D/B/A GIANT OF MARYLAND LLC & AHOLD USA HOLDINGS, INC.,** | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Abdulrahman Abdi was previously employed in a number of capacities at Defendant Giant Food, LLC ("Giant"). Abdi sought promotion to a Store Manager position at a Giant grocery store but did not receive the promotion. He has brought suit on the basis of his religion (Muslim) and national origin (Somali) against Giant alleging (i) discrimination relating to Giant's failure to promote him, (ii) hostile work environment, and (iii) constructive discharge. Giant has denied Abdi's allegations and stated that he needed additional career development to be eligible for promotion to Store Manager.

Giant has filed a motion for summary judgment, Def.'s Mot., ECF No. 31, and accompanying memorandum of law, Def.'s Mem., ECF No. 31-2, seeking the dismissal of Abdi's claims and setting forth the basis of its position. Abdi has filed an opposition, Opp'n, ECF No. 34, and Giant has filed a reply, Reply, ECF No. 35. A hearing is unnecessary. *See* Loc. R. 105.6. Because I find that there is a genuine dispute of material fact with respect to whether certain evaluations of Abdi completed by Giant managers were altered in a way that

adversely affected his promotion chances and whether Abdi was more qualified than another candidate who was rated eligible for promotion, I will DENY IN PART Giant's motion for summary judgment with respect to his disparate treatment claim for failure to promote. However, because I find that Abdi's hostile work environment claim, to the extent that it has not been abandoned by Plaintiff, is time-barred and that there is an insufficient factual basis to support Abdi's constructive discharge claim, I will GRANT IN PART Giant's motion for summary judgment with respect to these claims.

## I. BACKGROUND AND PROCEDURAL HISTORY

The factual background of this case is complex, and I will discuss only the facts relevant to Giant's motion for summary judgment. "Abdi is a 52-year-old immigrant from Somalia." Opp'n 3 (citing Abdi Dep. 13:7–10, May 29, 2015, Opp'n, Ex. W, ECF No. 34-3 and Abdi.'s Decl. ¶ 3, Opp'n, Ex. X, ECF No. 34-4). Abdi has "dark skin and [an] accent clearly identify[ing] him as having been born outside the United States." *Id.*

Abdi began working for Giant as a part time Dairy Clerk on March 21, 1988. Pl.'s Decl. ¶ 2. Abdi earned a series of promotions and served in a variety of managerial capacities, including as an Acting Store Manager, *id.* ¶ 6, Non-Perishable Manager in 2008, and Perishable Manager in 2009, Abdi Dep. 51:8–20, 54:11–22. From 2007 to 2010, Abdi served as an Acting Store Manager[1] for a total of 27 months in four different stores. *See* Store Manager Candidate Evaluation 2, Opp'n, Ex. AB, ECF No. 34-8. Abdi sought promotion to Store Manager on at

---

[1] Giant contests that Acting Store Manager is an official position. *See* Def.'s Mem. 3 n.2. However, such protests are unconvincing given that Giant lists Acting Store Manager positions in its Store Manager Candidate Background Evaluation Form. *See* Abdi Evaluation 87, Def.'s Mot., Ex. N, ECF No. 31-16.

least three occasions from 2009 to 2010; Giant filled these positions with non-Somali, non-Muslims candidates. *See* Opp'n 6–7.

During Abdi's employment with Giant, two managers of Giant expressed hostility to Abdi's religion and national origin. Robert Rosato, Giant's District Manager for the district in which Abdi worked, asked Abdi "[h]ow are you allowed to fly with a name like that?" Abdi Dep. 181:19–182:10, and stated that "the people behind the 9/11 attacks were not Irish, they were fucking Muslims," *id.* at 184:8–14. Chris Paradissis, Giant's Regional Vice President for the region in which Abdi worked, asked him "how's the community accepting you as a manager?" after touring the store where Abdi was serving as an Acting Store Manager and viewing a wall with photographs of store employees including Abdi. *Id.* at 189:18–190:11.

In 2010, Giant introduced a more formal process for promoting individuals to Store Manager called the Store Manager Assessment. *See* Moran Dep. 49:7–17, June 18, 2015, Def.'s Mot., Ex. D, ECF No. 31-6. This process required the candidate to receive "a recommendation of his or her store manager, the approval of the District Manager, Regional Vice President and Human Resource Director." Def.'s Mem. 5 (citing Moran Dep. 64:2–6). Abdi applied for consideration under the Store Manager Assessment program. Abdi Dep. 63:8–21, 64:1–6. Paradissis approved Abdi's self-nomination for the assessment, *id.* at 131:12–19, and Rosato approved Abdi's participation in the program, *id.* at 138:11–17.

The Store Manager Assessment program consists of a three-person panel interviewing the candidate, reviewing assessments of the candidate, including a self-assessment, and individually rating the candidate on five measures considered important for eligibility for the Store Manager position. *See* Moran Dep. 74–77. The individuals on the panel then provide an overall rating

and after discussion as a group, together provide a consensus overall readiness rating of "more than ready," "ready," "some development needed," or "much development needed."  *See id.* at 76:14–21, 771–18.  Also present during the interview is a facilitator—whose role was "to ensure that the process was accurately followed" and "record[] the panel member's scores for each candidate, as well as the overall consensus rating on the Summary Rating Form," Def.'s Mem. (citing Moran Dep. 73:7–21, 74:1–4, 97:13–21, 98:1–19)—and a human resources representative, Moran Dep. 77:19–21, 78:1–16.  Candidates who receive consensus ratings of more than ready or ready are eligible for promotion to the Store Manager position.  Abdi Dep. 145:1–15; Def.'s Mem. 8–9; Opp'n 9.

Abdi was interviewed by a panel that consisted of Steve Mason, Paradissis, and Robin Anderson on October 19, 2010.  Abdi Dep. 145:2–4.  There is a factual dispute with respect to how the panel scored Abdi during his assessment and whether the scores were changed at some point during or after the assessment.  The parties do not dispute the scores that Abdi received on the Summary Rating Form.  *See* Abdi Evaluation 2.  Abdi's overall consensus rating of "Some Dev" corresponds to a numerical rating of "3" and results in Abdi being ineligible for promotion to Store Manager under the Store Manager Assessment program.  *See* Def.'s Mem. 6–7.  These ratings, however, are inconsistent with (1) the HR Manager's Notebook consensus ratings, *see* Abdi Evaluation 3–8, and (2) each panel member's individual Form A Summary Rating Form, *see id.* at 9–18, 25–35, 53–63.  In the tables below, scores in parentheses seem to indicate "original" scores that were changed to the score not in parentheses.[2]  A "." indicates that there is no rating in the evaluation documents.

---

[2]   Admittedly, it is not always clear from the record before me which was the "original" score and which score was the "final" score.  However, from a review of the documents available

Table 1 presents Abdi's ratings from the Summary Rating Form, *id.* at 2, and the HR Manager Notebook, *id.* at 3–8. There appears to be crossed-out scores or changed scores in the HR Manager's Notebook. *See id.*

Table 1: Abdi Evaluation Summary Rating Form and HR Manager Notebook

|  | Summary Rating Form | | | | HR Manager Notebook |
| --- | --- | --- | --- | --- | --- |
|  | Robin Anderson | Steve Mason | Chris Paradissis | Consensus | Consensus |
| Financial Analysis | 3 | 3 | 3 | 3 | 3 |
| Associate Management & Leadership | 4 | 3 | 4 | 4 | 4 (3) |
| Sales & Merchandising | 4 | 4 | 3 | 4 | 4 (3) |
| Customer Service & Relations | 3 | 2 | 3 | 3 | 4 |
| Store Conditions & Mgmt. Controls | 4 | 4 | 4 | 4 | 4 (3) |
| Overall | Some Dev | Some Dev | Some Dev | Some Dev | 3 |

Table 2 presents Abdi's ratings from the Form A Summary Rating Form. *Id.* at 9–18, 25–35, 53–63. Although incomplete, it shows a series of scores that appear to be crossed-out or changed. This table presents one ambiguous score by Mason that could be either a "2" or a "3" and two scores crossed out by Paradissis, one that appears to increase the score from "3" to "4" and one that appears to decrease the score from "4" to "3."

---

to me, it is clear that some scores as marked on the forms changed and that the overall change appears to have increased Abdi's score, where a higher score signifies a determination that Abdi is less qualified for promotion to a Store Manager position.

5

Table 2: Abdi Evaluation Form A Summary Rating Form

|  | Form A Summary Rating Form | | |
|---|---|---|---|
|  | Robin Anderson | Steve Mason | Chris Paradissis |
| Financial Analysis | 3 | 3 | 3 |
| Associate Management & Leadership | 4 | 2/3 | 4 (3) |
| Sales & Merchandising | 4 | 4 | 3 (4) |
| Customer Service & Relations | 3 | 2 | 3 |
| Store Conditions & Mgmt. Controls | . | 4 | 4 |
| Overall | . | . | . |

After Abdi received a consensus rating of "some development needed," he learned that he would not receive a promotion to Store Manager. Abdi Dep. 160:5–17. He then explored other employment opportunities and provided two weeks' notice of his departure to Giant on March 19, 2011. Opp'n 10; Ans. ¶ 37, ECF No. 4.

Also relevant to this dispute is Giant's Store Manager Assessment evaluation of Anthony Green. *See* Green Evaluation, Def.'s Mot., Ex. P, ECF No. 31-18. Table 3 presents Green's ratings from the Summary Rating Form, *id.* at 1, and the HR Manager Notebook, *id.* at 2–7. As in Abdi's ratings, there appears to be crossed-out scores or changed scores in the HR Manager's Notebook.

Table 3: Green Evaluation Summary Rating Form and HR Manager Notebook

|  | Summary Rating Form | | | | HR Manager Notebook |
|---|---|---|---|---|---|
|  | Robin Anderson | Steve Mason | Chris Paradissis | Consensus | Consensus |
| Financial Analysis | 4 | 4 | 4 | 4 | 4 |
| Associate Management & Leadership | 3 | 4 | 3 | 3 | 4 (3) |
| Sales & Merchandising | 3 | 3 | 3 | 3 | . |
| Customer Service & Relations | 3 | 3 | 3 | 3 | 3 |
| Store Conditions & Mgmt. Controls | 3 | 4 | 4 | 4 | 3 |
| Overall | 2 | 2 | 2 | 2 | . |

Table 4 presents Green's ratings from the Form A Summary Rating Form. *Id.* at 8–18, 26–36, 38–48. It also shows a series of scores that appear to be crossed-out or changed: three scores were crossed out or changed by Paradissis two of which decrease Green's ratings and one of which increases Green's ratings.

Table 4: Green Evaluation Form A Summary Rating Form

|  | Form A Summary Rating Form | | |
|---|---|---|---|
|  | Robin Anderson | Steve Mason | Chris Paradissis |
| Financial Analysis | 4 | 4 | 4 (5) |
| Associate Management & Leadership | 3 | 4 | 3 (4) |
| Sales & Merchandising | 3 | 3 | 3 |
| Customer Service & Relations | 3 | 3 | 4 |
| Store Conditions & Mgmt. Controls | 3 | 4 | 4 (3) |
| Overall | . | . | . |

7

## II. DISCUSSION

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett*, 477 U.S. 317 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.* "In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party." *Downing v. Baltimore City Bd. of School Comm'rs*, No. RDB 12-1047, 2015 WL 1186430, at *1 (D. Md. Mar. 13, 2015) (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007)).

### A. Discrimination Based on Actions Before November 11, 2010

Under Title VII, discrimination claims in Maryland must be filed with the EEOC no later than 300 days after the alleged discriminatory conduct. *See Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004); *Murphy-Taylor v. Hofmann*, 968 F. Supp. 2d 693, 713 (D. Md. 2013). As a preliminary matter, Abdi's complaint may be read to raise claims of discrimination

based on actions occurring before November 11, 2010. *See, e.g.*, Compl. ¶ 14, ECF No. 1. Abdi states that he

> is not basing his failure to promote claim on any failure to promote prior to the Store Manager Assessment; rather, he has developed evidence about Giant's repeated failure to promote him to establish his constructive discharge claim. And, as explained above, Abdi is not pursuing a harassment claim for Giant's offensive comments.

Opp'n 20–21. Abdi filed his EEOC claim on September 9, 2011. *See* Compl. ¶ 41. Therefore, to the extent that Abdi's complaint could be read to raise claims based on actions occurring prior to November 11, 2010, including hostile work environment claims,[3] those claims are dismissed as time-barred.

### B. Disparate Treatment Claim

Plaintiff brings this claim as a disparate treatment claim for failure to promote under Title VII, which states that it is

> an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. 2000e-2(a) (West 2016). Abdi has the burden of establishing a prima facie cause of discrimination. *See McDonnell Douglas Corp. v Green*, 411 U.S. 792, 802 (1973); *see also Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 267 (4th Cir. 2005). Then Giant must demonstrate "that it acted with a legitimate, nondiscriminatory reason." *Anderson*, 406 F.3d at 267 (citing *Murrell v. Ocean Mecca Motel, Inc.*, 262 F.3d 253, 257 (4th Cir. 2001)).

---

[3] Abdi appears to assert a hostile work environment claim under "Count I: National Origin and Religious Discrimination," alleging that Giant "subjected Plaintiff to discrimination on the basis of his national origin and/or religion by creating and maintaining a work environment that adversely affected the terms[,] conditions, and privileges of Plaintiff's employment . . . ." Compl. ¶ 57.

Provided that Giant is able to make that showing, "then plaintiff must 'present evidence to prove that the defendant's articulated reason was pretext for unlawful discrimination.'" *Id.* (citing *Murrell*, 262 F.3d at 257).

In order to establish a prima facie case in a disparate treatment claim for failure to promote, the plaintiff must show "(1) she is a member of a protected group, (2) she applied for the position in question, (3) she was qualified for that position, and (4) the defendants rejected her application under circumstances that give rise to an inference of unlawful discrimination." *Anderson*, 406 F.3d at 268. Giant does not dispute that Abdi is a member of a protected class as a Somali Muslim. *See* Def. Mem. 15–18. Therefore, Abdi need only show the last three elements set forth in *Anderson*.

It is clear from the record that Abdi applied for the position of Store Manager. Giant's argument to the contrary strains credulity. Giant argues that because Abdi sought promotion through the Store Manager Assessment program, he "did not apply for a promotion to a particular opening in self-nominating to the Store Manager Assessment." Def.'s Mem. 15. The Store Manager Assessment program was the procedure adopted by Giant to determine a candidate's eligibility for promotion to manager; candidates who received ratings below "ready" were ineligible for promotion. If I adopted Giant's argument, then a candidate would not have protection from discriminatory employment practices until Giant already determined that the candidate was eligible for promotion. For these reasons, I find that Abdi did apply for the position of Store Manager through his self-nomination to participate in the Store Manager Assessment program.

Abdi argues that the panel discriminated against him in determining that he was unqualified for the Store Manager position. In arguing that he was qualified, Abdi presents two

10

relevant arguments. First, he states that his consensus scores prior to being changed were better than Green's final consensus scores. Giant vigorously contests Abdi's characterization that the scores were changed and suggests alternative reasons for why certain scores are crossed-out and why there are discrepancies between the scores in the HR Manager Notebook and the scores in the Summary Rating Form. *See* Reply 3–5. For the purposes of Giant's motion for summary judgment, I will interpret all facts in a light most favorable to the non-moving party, Abdi. *See Scott*, 550 U.S. at 378. Abdi's consensus scores according to the HR Manager Notebook appear to consist of four "3s" and one "4,"[4] which yielded a consensus rating of "some development needed." Green's scores as listed in the HR Manager Notebook are incomplete, but his scores on the Summary Rating Form of three "3s" and two "4s" appear to be inferior to Abdi's scores. These facts alone suggest that Abdi was qualified for promotion to Store Manager.

Second, he argues that the individual scores from each panel member were better than or equal to Green's scores. Comparing the scores from both candidate's Form A Summary Rating Form,[5] Abdi has a pre-change aggregate score of 46,[6] and Green has a pre-change aggregate score of 50. Comparing scores from the same form post-change, Abdi has an aggregate score of 46, and Green has an aggregate score of 49. In both cases, Abdi's score is better than Green's.

Third, Abdi argues that the aggregate individual score from all panelists on the Summary Rating Form is equal to Green's: both received a 51. However, the 51 score for Abdi resulted in

---

[4] For the purposes of the consensus score, the lower the numerical rating, the better the evaluation. *See* Opp'n 9. Thus, for example, a score of "1" is the best, and "5" is the worst.

[5] For both Abdi and Green, there are several instances where no scores exist. I have compared these scores only where they both exist.

[6] For the purposes of this comparison, I treat Steve Mason's Associate Management & Leadership score for Abdi as a "2," the score more favorable to Abdi. Abdi argues that the score from Mason was changed from a "2" to a "3," but it is unclear from the score form if there was a change and if so, if the score increased or decreased. *See* Abdi Evaluation 57.

11

a "some development needed" consensus rating while the 51 score for Green resulted in a "ready" consensus rating.

For these reasons, Abdi has provided a sufficient showing that he was at least as qualified as Green to be eligible for promotion to the Store Manager position. Further, because Green, a non-Somali, non-Muslim candidate, received an overall consensus rating making him eligible for promotion and Abdi did not, given the superior or equal scores that Abdi arguably received, Abdi has provided a sufficient showing to satisfy the fourth prong of the prima facie case of discrimination. *See Venugopal v. Shire Labs.*, 334 F. Supp. 2d 835, 842 (D. Md. 2004) *aff'd sub nom. Venugopal v. Shire Labs., Inc.*, 134 F. App'x 627 (4th Cir. 2005) ("With this precedent in mind, this Court concludes that the fact that Dr. Ginski is American-born is sufficient to satisfy the fourth prong of a *prima facie* case of discrimination.").[7]

Having demonstrated a prima facie case for discrimination, the burden now shifts to Giant to demonstrate "that it acted with a legitimate, nondiscriminatory reason." *Anderson*, 406 F.3d at 267 (citing *Murrell*, 262 F.3d at 257). Giant provides detailed evaluation forms with written notes from the members of the panel. *See* Abdi Evaluation. These evaluations provide a legitimate, nondiscriminatory reason for Abdi's consensus evaluation of "some development needed." *See EEOC v. Delta Chem. Corp.*, No. JFM 07-2572, 2008 WL 4833098 (D. Md. Nov. 3, 2008) (finding defendant met its burden to show legitimate, nondiscriminatory reason for

---

[7] Giant also argues that Abdi cannot demonstrate that he was superior to Green because they received the same score of 51 on the Summary Rating Form. *See* Reply 12. An employer may choose among equally qualified candidates for promotion, and therefore it is necessary for the candidate to provide he or she was better qualified for the position. *See Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996). Although this rule makes sense in the typical scenario where multiple candidates are vying for a single position, the Store Manager Assessment program merely determines eligibility for promotion and in that sense is non-competitive. For this reason, I do not find that logic in *Evans* is applicable and that it is sufficient for Abdi to show that he was equally qualified relative to another individual who received an overall consensus rating of "ready."

hiring by providing "articulable characteristics" based on candidates answers to interview questions).

The burden shifts back to Abdi to demonstrate that Giant's reason for not promoting him is a pretext for unlawful discrimination. *Anderson*, 406 F.3d at 267 (citing *Murrell*, 262 F.3d at 257). Abdi presents two arguments that Giant's reason was a pretext: (1) Giant's act of altering his scores, coupled with Paradissis's prior statement to Abdi about the community's acceptance of Abdi as Acting Store Manager, raise a dispute of fact over whether Giant's actions were pretextual and (2) a comparison of Abdi's ratings to Green's ratings demonstrates that Abdi was better qualified than Green. *See* Opp'n 18–20. Although Abdi's factual support is far from strong, Abdi has demonstrated a genuine dispute as to whether his scores were altered in a way reflecting prejudice by the panel members, specifically Paradissis,[8] and whether he was in fact more qualified than Green according to the various scores and ratings that Abdi received in his evaluation.

Accordingly, Giant is not entitled to judgement as a matter of law on Abdi's disparate treatment claim for failure to promote, and Giant's motion for summary judgment with respect to this claim is denied.

### C. Constructive Discharge Claim

---

[8] Giant states that I should draw an inference that there is no discriminatory animus on the part of Paradissis because he approved Abdi's self-nomination to participate in the Store Manager Assessment program. *See* Def.'s Mem. 21. In support of its position, Giant cites *Venugopal* for the proposition that "a 'powerful inference' that the failure to promote was not motivated by discriminatory animus is found where the decision-maker was the same person who hired the plaintiff and provided him with pay increases." *Id.* (citing *Venugopal*, 334 F. Supp. 2d at 844). There is a large difference, however, between not standing in the way of a candidate being evaluated for eligibility for promotion as is the case here and hiring a candidate and giving him or her raises as in *Venugopal*. As a result, I decline to draw an inference that Paradissis had no discriminatory animus in his role on the Store Manager Assessment panel.

Abdi lodges his constructive discharge claim in a single sentence under "Count I: National Origin and Religious Discrimination," alleging that Giant "subjected Plaintiff to discrimination on the basis of his national origin and/or religion" by "terminating him and/or constructively discharging him." Compl. ¶ 57. "Constructive discharge occurs when an employer deliberatively makes an employee's working conditions intolerable and thereby forces him to quit his job. Thus a plaintiff alleging constructive discharge . . . must prove two elements: deliberateness of the employer's action, and intolerability of the working conditions." *Munday v. Waste Mgmt. of N. Am., Inc.*, 126 F.3d 239, 244 (4th Cir. 1997) (internal quotation marks and citations omitted). In the context of a summary judgment motion where I consider all facts and reasonable inferences in a light most favorable to Abdi, I find that, although there is a genuine dispute over whether Giant's actions were deliberate, there is no genuine dispute over whether his working situation was intolerable.

"Deliberateness exists only if the actions complained of 'were intended by the employer as an effort to force the employee to quit.'" *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985) (quoting *EEOC v. Fed. Reserve Bank of Richmond*, 698 F.2d 633, 672 (4th Cir. 1983), *rev'd on other grounds*, 467 U.S. 867 (1984)). "Intent may be shown by evidence that an employee's resignation was the reasonably foreseeable consequence of the employer's conduct." *Amirmokri v. Baltimore Gas and Elec. Co.*, 60 F.3d 1126, 1132–33 (4th Cir. 1995). Abdi states that "he made it clear to Giant on many occasions that he wanted and expected to be promoted to Store Manager" and "that his resignation was a reasonably foreseeable consequence of Giant's repeated failure to promote him." Opp'n 23. Abdi asserts that the changed scores demonstrate deliberateness on the part of Giant. *See id.* Giant argues that Abdi did not become aware of the changes to his ratings until *after* he quit and brought this suit. *See* Reply 15. However, nothing

in my review of the case law requires that I limit my evaluation of whether Giant's actions were deliberate to the facts that Abdi knew at the time of his alleged constructive discharge. An employee's resignation is the reasonably foreseeable consequence of an employer changing an employee's evaluation scores in a way that makes that employee ineligible for promotion. As a result, I find that there is a genuine dispute over whether Giant's acts were deliberate.

"Intolerability of working conditions . . . is assessed by the objective standard of whether a 'reasonable person' in the employee's position would have felt compelled to resign." *Bristow*, 770 F.2d at 1255. Repeated denials of promotions may be the basis of a constructive discharge claim. *See Clark v. Marsh*, 665 F.2d 1168, 1174 (D.C. Cir. 1981) (affirming district court's decision where employee faced "a continuous pattern of discriminatory treatment encompassing deprivation of opportunities for promotion, lateral transfer, and increased educational training, existing over a period of several years"). Abdi received promotions to Customer Service Manager in 2006, Non-Perishable Manager in 2008, and Perishable Manager in 2009. Although Abdi applied for and did not receive a Store Manager promotion several times, he has not shown that these failures to promote constituted a "deprivation of opportunities." Indeed, as part of the Store Manager Assessment program, Abdi even received feedback for steps that he could take to improve his chances to be eligible for promotion to Store Manager in the future. Further, Abdi provides no evidence that he knew at the time of his resignation that Giant may have changed his scores in a way that made him ineligible for promotion. For these reasons, I find Abdi has not provided sufficient facts to support his claim that working for Giant was intolerable.

Accordingly, Giant's motion for summary judgment with respect to Abdi's constructive discharge claim is granted.

### III. CONCLUSION

For the reasons explained above, I will GRANT IN PART and DENY IN PART Giant's motion for summary judgment, dismissing Abdi's discrimination claims based on actions that occurred prior to November 11, 2010, and his constructive discharge claim.

## **ORDER**

Accordingly, it is this 1st day of March, 2016, hereby ORDERED that Defendant's motion for summary judgment, ECF No. 31, is GRANTED IN PART and DENIED IN PART.

So ordered.

/S/
Paul W. Grimm
United States District Judge

dpb